# IN THE COURT OF APPEALS OF IOWA

No. 22-0857
Filed August 31, 2022

**IN THE INTEREST OF Z.B.,**
**Minor Child**

**U.B., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Polk County, Kimberly Ayotte, District Associate Judge.

A father appeals the termination of his parental rights. **AFFIRMED.**

Karen A. Taylor of Taylor Law Offices, P.C., Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Chandlor Collins, Assistant Attorney General, for appellee State.

Judy D. Johnson of JDJ Law Firm, Des Moines, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**GREER, Judge.**

The father appeals the termination of his parental rights to the child, Z.B. He argues the State failed to prove the statutory grounds for termination, termination is not in the child's best interests, and the juvenile court should have used a permissive exception to avoid termination. Because grounds for termination exist, termination is in the child's best interests, and the permissive exception is not appropriate, we affirm.

**Background Facts and Proceedings.**

In June of 2021, the child—then two months old—arrived at an emergency room after his father and mother, D.B., noticed a bump on his chest. Doctors found six recent rib fractures, a few more-healed rib fractures, fractures of varying ages in his extremities, a subdural hematoma, a bruise on his liver, and fluid buildup in his chest. The injuries were indicative of trauma, and doctors opined they were not accidental and had occurred over time—probably the child's whole life. The child was in respiratory distress and had dropped from the 93% of weight for children his age to the 12%, which qualified as moderate malnutrition. The Iowa Department of Human Services (DHS) was called and a child protection worker (CPW) completed a child abuse assessment, but neither parent could provide an explanation for the injuries.[1] DHS noted the father gave multiple inconsistent versions of his whereabouts around the time of the most recent injury to the child. DHS found physical abuse had occurred by an unknown person.

---

[1] There were two roommates also living in the home at the time the nonaccidental injuries were discovered, and the maternal grandmother also occasionally provided care for the child.

As the hospital was preparing to discharge the child, the CPW noticed new bruises on the mother's arm; the mother denied any history of arguments becoming physical with the father. That same day, the father broke off the relationship with the mother over text message. As the CPW spoke to friends and family members of the parents, there were reports of the father becoming violent with the mother; there were also concerns the father was using marijuana while parenting the child. The mother of his older child also reported the father had been violent with her during their relationship. Now with DHS involved, the mother shared the father would shut and lock the door when bathing the child, who would throw up water and cry afterwards. The mother began seeing a domestic violence advocate, but she avoided sharing details openly during sessions. She did describe their relationship as "toxic," especially after she became pregnant.

The child was adjudicated a child in need of assistance (CINA) in October. Both parents and the State agreed the child should remain in the mother's custody and outside of the father's custody.

The same month, the father was placed in jail after violating his probation for possession of marijuana with intent to deliver, possession of marijuana, and operating while intoxicated. The father was ordered to go to Bridges of Iowa, a residential substance-abuse program, and was admitted in March of 2022—he left after a matter of hours. A week later, he was arrested on new charges. When the juvenile court conducted a termination hearing in April 2022, the father was in jail awaiting a probation revocation hearing and his probation officer recommended his probation be revoked.

Even when the father was not incarcerated, he failed to engage with services. DHS recommended the father engage in therapy to address his anger, coping skills, and history of perpetrating domestic violence against partners, but he never seriously sought treatment. As an example, he was discharged from a program, Caring Dads, after failing to attend consistently (in part because of his arrest). By the time of the termination hearing, he had not completed substance-abuse treatment and testified he did not believe he had a problem. As a further impediment to reunification, the father's probation officer reported to DHS the father evaded drug testing on several occasions. The father did not keep in touch with DHS and did not participate in regular visitation—at the time of the termination hearing, the father had not attended even a virtual visit with the child since January 2022. Since the child was removed from the father's custody, DHS has reported the mother is meeting the child's needs and the child is thriving.

The juvenile court terminated the father's parental rights under Iowa Code section 232.116(1)(b), (d), (h), and (i) (2022). The father requested a delayed appeal, which our supreme court granted.

**Analysis.**

The father argues the State failed to prove any of the statutory grounds for termination, termination is not in the child's best interests, and the permissive exceptions in section 232.116(3) should have been applied to avoid termination. We review a termination of parental rights de novo. *In re P.L.*, 778 N.W.2d 33, 40.

*Grounds for Termination.*

Though the juvenile court terminated under several grounds, "we may affirm the juvenile court's termination order on any ground that we find supported by clear

and convincing evidence." *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). Here, we focus on section 232.116(1)(h), which requires a court to find:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated [CINA] pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The father does not dispute the first three elements; he argues that testimony at trial established he would not be incarcerated much longer and would be able to parent upon his release, meaning the fourth element was not met. But, section 232.116(1)(h) concerns a parent's ability to take on the child's custody at the time of the termination hearing, not the future; the father was undeniably incarcerated and admitted in his own testimony that he was unsure when he would be released. *See In re A.S.*, 906 N.W.2d 467, 473 (Iowa 2018) (emphasizing the time of the termination hearing as dispositive for section 232.116(1)(h)). Further, because of the father's untreated substance abuse and the unresolved domestic-violence concerns that were discovered during these proceedings, the child could not safely be returned to his care before additional time, services, and effort on the father's part. *See In re L.M.*, 904 N.W.2d 835, 839 (Iowa 2017) ("Given her history of drug addiction and parenting dysfunction, we conclude [the mother] would have much to prove after the discharge of her sentence before resuming custody of [the child]."); *In re T.W.*, No. 20-0145, 2020 WL 1881115, at *3 (Iowa Ct. App. Apr. 15,

2020). We find clear and convincing evidence for termination under section 232.116(1)(h).

*Best Interests.*

As to the child's best interests, our analysis gives primary consideration to "the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). Maintaining the father's parental rights runs afoul of these goals. While in the father's custody, the child had suffered continuous physical abuse and malnourishment. While the mother tackled these issues with help from DHS, the father has not meaningfully addressed his substance abuse and has continued to violate the terms of his probation and accrue new criminal charges. He has not completed any programing provided by DHS. And while the father believes he could be a better parent after he is released from jail, "[c]hildren simply cannot wait for responsible parenting." *In re L.L.*, 459 N.W.2d 489, 495 (Iowa 1990). It is in the child's best interests to terminate the father's parental rights.

*Permissive Exceptions.*

Finally, the father asserts that because a relative, in this case the child's mother, has legal custody of the child, the statutory exception to termination in section 232.116(3)(a) should have been applied to avoid termination. Once the State establishes a ground for termination, "the parent resisting termination bears the burden to establish an exception to termination." *A.S.*, 906 N.W.2d at 476. These exceptions are not mandatory, but permissive. *Id.* at 475. In the termination order, the district court addressed its decision not to employ the exception, stating

"the serious injuries that [the child] received, the history of domestic violence perpetrated by [the father], the risk of further harm to [the child] of both physical abuse and exposure to domestic violence, and the diminished attachment given the father's lack of consistent contact" weighed against doing so.

In the end, the father has not convinced us that the benefits of maintaining the parent-child relationship outweigh the need for termination. *See In re M.A.*, No. 22-0107, 2022 WL 1487125, at *5 (Iowa Ct. App. May 11, 2022) ("Simply because [the child] is in his father's custody does not countermand our conclusion that termination of the mother's rights is in the child's best interests. The mother provides no compelling reason why we should elect to apply section 232.116(3)(a) to preclude termination."). We affirm the juvenile court's decision not to use the permissive exceptions to avoid termination.

**Conclusion.**

For the foregoing reasons we affirm the juvenile court's order terminating the father's parental rights.

**AFFIRMED.**